# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **MINDEN PICTURES, INC,** *Plaintiff,* v. **REHABMART LLC,** *Defendant.* | CIVIL ACTION NO. 3:24-cv-00013-TES |

## ORDER DENYING MOTION TO DISMISS

Before the Court is a Motion to Dismiss [Doc. 8] filed by Defendant RehabMart LLC ("RehabMart"). Plaintiff Minden Pictures, Inc. ("Minden") filed this lawsuit alleging that RehabMart directly infringed its copyrighted work. [Doc. 1]. Because Minden pled sufficient facts to move forward with its claims, the Court **DENIES** RehabMart's Motion to Dismiss. [Doc. 8].

## BACKGROUND[1]

Minden is a "provider of rights-managed wildlife and nature stock photos and featured stories." [Doc. 1, ¶ 2]. Defendant RehabMart is a company that provides "rehabilitation products, medical supplies, and healthcare technologies," and its principal place of business is in Watkinsville, Georgia. [*Id.* at ¶¶ 3, 9].

---

[1] When ruling on a Rule 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). Thus, at this juncture, the Court relies on Minden's version of the facts unless otherwise noted.

In 2004, Charles "Flip" Nicklin created a photograph of what appears to be a plant in water (the "Photograph"), and on December 23, 2008, Nicklin registered the Photograph with the Register of Copyrights. [*Id*. at ¶¶ 10–11]; *see* [Doc. 1-1]. Nicklin entered into a contract with Minden in 2010, whereby he granted Minden co-ownership of the Photograph. [Doc. 1, ¶ 12]; *see* [Doc. 1-2].

Minden never gave RehabMart permission or authority to use the Photograph, yet on May 11, 2021, Minden discovered that RehabMart had copied the Photograph and was using it on its website for advertising purposes. [Doc. 1, ¶¶ 16–22]; *see* [Doc. 1-3]. Minden notified RehabMart twice—in December 2021 and in February 2022—that its use of the Photograph infringed Minden's copyright. [Doc. 1, ¶ 23]. However, the parties were unable to resolve this matter, so on February 14, 2024, Minden filed this lawsuit alleging copyright infringement and seeking damages as well as injunctive relief. *See* [*id.*].

## DISCUSSION

RehabMart timely filed this Motion seeking dismissal of Minden's action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* [Doc. 8]. Before reaching the merits of this Motion, the Court first set out the law that will guide its analysis.

    A.    **Legal Standard**

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in

the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted) (alteration in original). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds

3

upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all of the factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the

complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556. With the foregoing standard in mind, and taking the facts asserted in Minden's Complaint as true, the Court rules on RehabMart's Motion to Dismiss.

### B. <u>RehabMart's Motion to Dismiss</u>

RehabMart moves to dismiss on the grounds that that the allegations in paragraphs 25–31 of Minden's Complaint do not plausibly state a claim of copyright infringement. *See* [Doc. 8-1]; [Doc. 1, ¶¶ 25–31]; Fed. R. Civ. P. 12(b)(6). Now is as good a time as any for the Court to flag an error that plagues RehabMart's entire Motion. Without any explanation, RehabMart limited its analysis to only paragraphs 25–31 of the Complaint. *See* [Doc. 8-1, pp. 4–6]. Unsurprisingly, paragraph 25 is not the first paragraph of the Complaint, nor is it even the first paragraph of Count I. *See* [Doc. 1, ¶ 24]. As one would expect, Minden began its Complaint at paragraph 1. *See* [*id.* at ¶ 1]. Moreover, Count I—the only cause of action in the Complaint—begins with paragraph 24, which "incorporates the allegations of paragraphs 1 through 23 of [the] Complaint as if fully set forth" in Count I. [*Id.* at ¶ 24]; *see* [Doc. 8-1, p. 5]. All that to say, the Court sees no reason why RehabMart would only consider paragraphs 25–31, yet it did. *See* [Doc. 8-1, pp. 4–6]. Whether this unduly restricted analysis was careless, somehow strategic, or caused by a misunderstanding of pleading standards, the result is the same—RehabMart's Motion completely ignores the bulk of Minden's Complaint. [*Id.*].

Having said that, the Court moves on to *Iqbal*'s two-step framework as articulated in *McCullough*. 907 F.3d at 1333 (quoting 556 U.S. at 679). Under that framework, the Court must first identify and disregard any conclusory allegations in the Complaint, and then the Court must "determine whether [the remaining] factual allegations 'plausibly'" state a claim of copyright infringement. *Id.*

In its Motion, RehabMart points out that Minden's allegations in paragraphs 27–31 of the Complaint "are nothing more than conclusions lacking any factual support" and "amount to 'nothing more than a "formulaic recitation of the elements"' of a copyright infringement claim." [Doc. 8-1, pp. 4, 5]; *see* [Doc. 1, ¶¶ 27–31]. Minden agrees that those paragraphs are "*naked legal conclusions*," so the Court discards those allegations and moves on to the second step of its analysis. [Doc. 9, p. 1 (alteration in original)]; *see* [Doc. 1, ¶¶ 27–31]; *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

Step two requires the Court to roll up its sleeves, dig in a bit deeper, and decide whether the remaining, non-conclusory allegations in the Complaint (not just the remaining paragraphs in Count I) plausibly state a claim of copyright infringement. *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). First, the Court explains what it takes to state such a claim, and then the Court must decide whether Minden's Complaint meets the mark.

Under the Copyright Act of 1976, "[a]nyone who violates any of the exclusive

rights of [a] copyright owner . . . is an infringer of the copyright." 17 U.S.C. § 105. "Subject to [certain exceptions], the owner of copyright . . . has the exclusive rights" to reproduce the copyrighted work, prepare derivative works based upon the copyrighted work, distribute copies of the copyrighted work to the public, perform the copyrighted work publicly, display the copyrighted work publicly, and perform the copyrighted work publicly by means of a digital audio transmission. 17 U.S.C. § 106. For a copyright infringement claim to survive a motion to dismiss, a plaintiff must allege two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). With that in mind, the Court must now identify Minden's non-conclusory allegations in its Complaint. *See* [Doc. 1].

According to RehabMart, "[a]fter disregarding the bare legal conclusions contained in paragraphs 27–31, only the allegations contained in paragraphs 25–26 remain." [Doc. 8-1, p. 5]. If that were the case, the Court would've easily granted this Motion. However, having already explained why the Court must consider every paragraph of Minden's Complaint, and having already discarded paragraphs 27–31 for the purposes of this analysis, the Court finds no other conclusory allegations in the Complaint. *See* [Doc. 1]. Thus, the Court must determine whether the remaining allegations in paragraphs 1–26, assumed to be true, satisfy both *Feist* prongs. *See McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679); 499 U.S. at 361.

### 1.     Minden Satisfies the First *Feist* Prong

RehabMart does not challenge Minden on the first *Feist* prong. *See* [Doc. 8]; 499 U.S. at 361. "To 'satisfy *Feist*'s first prong, a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities.'" *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (quoting *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995), *aff'd*, 516 U.S. 233 (1996)). "In judicial proceedings, a 'certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.'" *Id.* (quoting 17 U.S.C. § 410(c)). When a plaintiff produces a certificate of registration, "the burden shifts to the defendant to demonstrate why the claim of copyright is invalid." *Id.* (citing *Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1106 (9th Cir. 1990)). RehabMart concedes that paragraphs 25–26 of Minden's Complaint alone satisfy the first *Feist* prong, but the Court has a few notes before moving on. [Doc. 8-1, p. 6]; *see* 499 U.S. at 361.

The Court agrees with RehabMart's conclusion that Minden's Complaint satisfies the first *Feist* first prong but disagrees with its reasoning. *See* [Doc. 8-1, Section II.d.]; 499 U.S. at 361. RehabMart concedes that paragraphs 25–26 of the Complaint are enough to plausibly allege that Minden owns a valid copyright, but paragraphs 10–14 put more meat on the bones. [Doc. 8-1, p. 6]; *see* [Doc. 1, ¶¶ 10–14, 25–26]. In those five paragraphs, Minden alleges that the Photograph is an original work, alleges that it

8

owns a valid copyright, and substantiates its claim by referencing attached copies of a certificate of registration and a contract granting co-ownership of the Photograph to Minden. [Doc. 1, ¶¶ 10–14]; *see* [Doc. 1-1]; [Doc. 1-2]. Because RehabMart does not dispute the validity of the Photograph's certificate of registration, which "constitute[s] prima facie evidence of the validity of the copyright," Minden's Complaint satisfies the first *Feist* prong. *See Bateman*, 79 F.3d at 1541.

### 2. Minden Satisfies the Second *Feist* Prong

RehabMart argues that paragraphs 25–26 of the Complaint "fail to support the second [*Feist*] prong." [Doc. 8-1, p. 6]. As explained above, the Court must not restrict its analysis to those two paragraphs. To satisfy the second *Fiest* prong, "a plaintiff must establish, as a factual matter, that the alleged infringer *actually copied* plaintiff's copyrighted material." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010); *see also Bateman*, 79 F.3d at 1541. A plaintiff may prove copying by direct evidence, which is rare, or indirect evidence. *Baby Buddies, Inc. v. Toys R Us, Inc.*, 611 F.3d 1308, 1315 (11th Cir. 2010).

Minden alleges in its Complaint that RehabMart "*actually copied*" the Photograph. *See* [Doc. 1, ¶¶ 15–23]. Specifically, Minden alleges that "after the [Photograph] was created, but prior to the filing of this action, . . . RehabMart copied [the Photograph] "without permission or authority." [*Id.* at ¶ 16, 18]. Minden goes on to explain that "Rehab[M[art has never been licensed to use the [Photograph] for any purpose," yet

9

"[o]n or about May 11, 2021, Minden[] discovered" that RehabMart was using the photograph on its website. [*Id.* at ¶¶ 15, 17]. RehabMart does not dispute that it owns the website where Minden says it found the Photograph. *See* [Doc. 8]. Minden contends that "[a]fter RehabMart copied the [Photograph], it made further copies and distributed the [Photograph] on the internet to promote the sale of goods and services as part of its business;" and that RehabMart "copied and distributed Minden's [Photograph] in connection with [RehabMart]'s business for purposes of advertising and promoting [RehabMart]'s business, and in the course and scope of advertising and selling products and services." [*Id.* at ¶¶ 19–20]. To support its allegations, Minden refers to a document attached to the Complaint that appears to be a printout of RehabMart's website. *See* [*id.* at ¶ 17]; [Doc. 1-3]. RehabMart's incredulity about Minden's "mystery document" does nothing to negate these allegations in Minden's Complaint. *See* [Doc. 10, p. 4].

The allegations above, assumed to be true, are more than enough to support Minden's claim that RehabMart actually copied the Photograph. *Latimer*, 601 F.3d at 1233. There is no doubt that they are far "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]," and they "give [RehabMart] fair notice of what [Minden's] . . . claim is and the grounds upon which it rests." *McCullough*, 907 F.3d at 1333 (citation omitted) (alteration in original); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, Minden's Complaint satisfies the second *Feist* prong. *Id.*; *see* 499 U.S. at 361.

To summarize, the Court decided this matter by applying the two-step approach articulated in *McCullough*. 907 F.3d at 1333 (quoting 556 U.S. at 681). At the first step, the Court found that Minden's allegations at paragraphs 27–31 of the Complaint are "naked legal conclusions" that are "not entitled to the assumption of truth," and then the Court found that the remaining allegations in the Complaint are not conclusory and thus assumed them to be true for this analysis. *Id.*; [Doc. 1, ¶¶ 27–31]; [Doc. 9, p. 1]. At the second step, the Court applied the *Feist* two-prong approach and found that remaining allegations in the Complaint, assumed to be true, plausibly state a claim of copyright infringement. *See McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681); *Feist*, 499 U.S. at 361.

## CONCLUSION

Accordingly, because the allegations in Minden's Complaint [Doc. 1] "plausibly give rise to an entitlement to relief," the Court **DENIES** Defendant's Motion to Dismiss [Doc. 8], and Minden's claims will proceed to discovery. *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679).

**SO ORDERED**, this 3rd day of June, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**